**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Robert E. Blackburn, Judge**

Criminal Action No.  07-cr-00070-REB

UNITED STATES OF AMERICA,

     Plaintiff,

v.

1.   MAXIMINO RODRIGUEZ,
         a/k/a Miximino Raymundo Ortiz Rodriguez,
         a/k/a Juan Ortiz Lopez,
         a/k/a Juan Lopez-Ortiz,
         a/k/a Juan Lopez,

     Defendant.

_____

**FINDINGS OF FACT AND CONCLUSIONS OF LAW ON THE ENTRY OF A PLEA OF
GUILTY**
_____

**Blackburn, J.**

On May 4, 2007, I conducted a change of plea hearing during which 1) the

defendant, his counsel, counsel for the government, and I formally reviewed and

considered the plea agreement of the parties as stated in Court's Exhibits 1, 1A, 2, and

2A, ("plea agreement"); 2) I rearraigned the defendant under Fed. R. Cr. P. 10; and 3) I

formally advised the defendant and conducted providency proceedings under Fed. R. Cr.

P. 11.

Based upon my exchange and colloquy with the defendant in open court on the

record; based upon the representations, remarks, and statements of counsel for the

government and counsel for the defendant; based upon my review of the file and my

review of the written plea agreement as stated in Court's Exhibits 1, 1A, 2, and 2A, I enter

the following findings of fact and conclusions of law:

That the defendant appeared to be alert and not under the influence of or impaired by drugs, narcotics, marihuana, alcohol, medication, or intoxicants;

That the defendant was competent and fully understood the nature, circumstances, and essential elements of the offense to which his plea of guilty was entered;

That the defendant understood the direct and collateral consequences that he may suffer or experience as a result of his participation in the plea agreement, his plea of guilty, and the resultant felony conviction and sentence;

That the defendant's plea of guilty was made and entered voluntarily, knowingly, intelligently and intentionally, and was not the result of mistake; misunderstanding, fear, force, threats, coercion, or undue influence by anyone;

That the defendant's plea of guilty was not the result of any promise or inducement made by anyone, including legal counsel, except as previously indicated on the record and included in the written plea agreement;

That the defendant understood each of his legal rights, including his right to a trial by jury and his right to be represented throughout this criminal case by an attorney even if indigent; and that the defendant freely, voluntarily, knowingly, intelligently, and intentionally waived his rights and privileges, including the right to trial by jury, but excepting his right to be represented throughout this criminal case by an attorney even if indigent and his right to appeal any sentence I impose;

That the defendant understood that in imposing sentence, I must consult and consider the purposes and goals of sentencing as prescribed by Congress, the relevant provisions of the advisory United States Sentencing Guidelines, and the provisions of 18

U.S.C. § 3553 (a)(1)-(7); and the defendant clearly understood that regardless of the

sentence I impose, he may not withdraw his plea of guilty on that basis;

That the defendant understood that the court will not be bound by any

representations by anyone concerning the penalty to be imposed, except as specified in

the plea agreement or on the record;

That a factual basis existed to support and sustain the plea agreement and the

defendant's plea of guilty;

That the defendant has been represented at the change of plea hearing and

throughout this case by effective and competent counsel with whom the defendant had no

objection, criticism, or complaint whatsoever;

That the defendant read, understood, and accepted each and every term and

provision within his plea agreement, which he reviewed carefully and thoroughly with his

attorney;

That the plea agreement conformed in form and substance to the requirements of

law; and

That on the record considered as a whole, I conclude that I may properly accept the

defendant's plea of guilty, which was entered pursuant to his plea agreement;

and defer formal approval of the plea agreement as stated in Court's Exhibits 1, 1A, 2, and

2A pending opportunity to consider the presentence report.

Dated May 4, 2007, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**

3